SC S36143 and S36224 argued and submitted October 4, SC S36128 argued and submitted September 29, 1989, the decisions of the Court of Appeals reversed and the judgments of the circuit court affirmed January 3, 1991

STATE OF OREGON,
*Petitioner on Review,*

*v.*

BILL HENRY GOHRING,
*Respondent on Review.*

(TC No. C2860A; CA A48278 (Control))

STATE OF OREGON,
*Petitioner on Review,*

*v.*

JANET ARLENE GOHRING,
*Respondent on Review.*

(TC No. C2860A,B; CA A48333)
(SC S36143)
(Cases Consolidated)

STATE OF OREGON,
*Petitioner on Review,*

*v.*

DAWN LEIGH SESSION,
*Respondent on Review.*

(TC No. C-2859; CA A48317; SC S36224)

On review from the Court of Appeals.*

STATE OF OREGON,
*Petitioner on Review,*

*v.*

HARRY EMIL VIAR,
*Respondent on Review.*

(TC No. 87-CR-1771; CA A48131; SC S36128)
(Cases Consolidated for Opinion)
803 P2d 1189

---

* Appeal from Baker County Circuit Court, William L. Jackson, Judge. 95 Or App 746, 770 P2d 614 (1989).

Appeal from Baker County Circuit Court, William L. Jackson, Judge. 96 Or App 363, 772 P2d 958 (1989).

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petitions were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, and Diane S. Lefkow, Assistant Attorneys General, Salem.

Steven V. Humber, Salem, argued the cause for respondents on review, Bill Henry Gohring, Janet Arlene Gohring and Dawn Leigh Session.

Nick Nylander, North Bend, argued the cause for respondent on review, Harry Emil Viar.

Before Peterson, Chief Justice, and Linde,*** Carson, Jones,**** Gillette, Van Hoomissen, and Fadeley, Justices.

CARSON, J.

*** Linde, J., retired January 31, 1990.
**** Jones, J., resigned April 30, 1990.

## CARSON, J.

These three criminal cases, consolidated for opinion, present the following issue: Is a warrantless, purposive, aerial observation from an airplane or helicopter an "unreasonable search" under Article I, section 9, of the Oregon Constitution.[1] We conclude in each case that the intrusion of the aerial observations did not rise to the level of a search for constitutional purposes. We, therefore, reverse the decisions of the Court of Appeals and affirm the judgment of conviction of the trial courts in each of the three cases.

### FACTS

*State v. Gohring*

■     The Gohring trial court made the following findings, all of which are supported by the record:

> "An aerial fly-over of the Defendants' premises was conducted on September 30, 1987. This was a part of a longer flight conducted on that day, during which the plane carrying [an Oregon State Police officer and a Baker County Sheriff's Department detective] and a commercial pilot, who was employed by and worked for Baker Aviation, flew over four locations in Baker County for the avowed purpose of determining whether or not marijuana was being grown on the premises observed. [The Oregon State Police officer], according to his testimony, observed marijuana in a location near Eagle Creek in Baker County in the Richland area, and also on the Defendants' premises in the Sumpter area, but did not observe anything he determined to be marijuana on the other two locations. Subsequent events proved that marijuana was being grown on the two premises where the officer said he observed the plants.

> "As a result of this fly-over, [the Baker County Sheriff's Department detective] obtained a search warrant to search the Defendants' premises, and that search was carried out by State Police and county officers October 1, 1987. During the search on October 1st, marijuana was actually found on the

---

[1] Article I, section 9, of the Oregon Constitution provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

Defendants' premises in one of the greenhouses located thereon by the officers conducting the search."

Defendants were charged with manufacture of a controlled substance. Prior to trial, both defendants moved to controvert the affidavit in support of the search warrant and to suppress the items seized in the search made pursuant to that warrant. The trial court denied the motions, making the findings quoted above. Defendants were convicted of the charged offense after a stipulated facts trial to the trial court.

*State v. Session*

Defendant Session was charged with manufacture and possession of a controlled substance, based on evidence obtained as a result of the same fly-over that resulted in the Gohrings' arrest. Session also moved to suppress the evidence seized as a result of the fly-over and subsequent search made pursuant to a search warrant. The testimony in the Gohring suppression hearing was made a part of the Session record, and the same trial judge heard both cases. The Session court denied the motion to suppress, making findings that virtually were identical to those in the Gohring case; the only significant difference was that Session's marijuana was growing in the open, rather than in a greenhouse.

Session was convicted in a stipulated facts trial of manufacture of a controlled substance and possession of a controlled substance.

*State v. Viar*

Following a hearing on defendant Viar's motion to suppress, the trial court made the following findings:

"1.) [The police officer who observed the marijuana] is an experienced drug investigator and well qualified in the identification of marijuana from aerial surveillance.

"2.) [The officer] by aerial surveillance on 8-25-87 and 9-13-87, observed marijuana growing on defendant's property 100 yards from defendant's residence. The observations were made without the use of a telescope or binoculars. The plants were photographed with a telescopic lens.[2]

---

[2] The photographs were introduced at trial to help the officer illustrate where on Viar's property he had spotted the marijuana. They were not included in the application for the search warrant, the issuance of which was based on (among other things) the officer's naked-eye observation.

"3.) The purpose of the flights by helicopter was to search for growing marijuana gardens.

"4.) The flights did not violate federal or state flight regulations. The helicopter flew at an altitude of 500 to 700 feet in the rural area of defendant's property.

"5.) The defendant had attempted to conceal the growing marijuana and it was not visible from any public or private roadway."

Defendant Viar's motion to suppress evidence seized following the aerial observation and resulting search warrant was denied, and he was found guilty by the trial court of manufacture of a controlled substance and delivery of a controlled substance.

Defendants in all three cases appealed their convictions, arguing to the Court of Appeals that the trial courts erred in denying their respective motions to suppress and to controvert. The Court of Appeals, in separate *per curiam* opinions, reversed the judgment of conviction in each case and remanded, citing its opinion in *State v. Ainsworth,* 95 Or App 240, 770 P2d 58 (1989). *State v. Gohring,* 95 Or App 746, 770 P2d 614 (1989); *State v. Session,* 96 Or App 363, 772 P2d 958 (1989); *State v. Viar,* 95 Or App 744, 770 P2d 614 (1989). We subsequently allowed the state's petition for review in *State v. Ainsworth, supra,* and issued an opinion. *State v. Ainsworth,* 310 Or 613, 801 P2d 749 (1990).

## ANALYSIS AND DISPOSITION

In the recent case of *State v. Ainsworth, supra,* we addressed the issue present here: Whether a purposive aerial observation by police constitutes an "unreasonable search" under Article I, section 9, of the Oregon Constitution. We began by noting that the threshold issue in any Article I, section 9, search analysis is whether the police conduct at issue is sufficiently intrusive to be classified as a search. Relying on this court's past cases that have "interpreted Article I, section 9, to mean that a police officer at a lawful vantage point who observes contraband or illegal conduct has not conducted a search in the constitutional sense," 310 Or at 617, we concluded that the rule should be no different simply because the observation is made from an aircraft. We held

that, because there was no evidence that the sheriff's deputies in that case were not lawfully in the air above the defendants' land, their actions did not constitute a search within the meaning of Article I, section 9.

In its petitions for review, the state argues that the factual differences between these cases and *Ainsworth* are of no legal significance and that the disposition of the three cases before us now and *Ainsworth* should be identical. Defendants Gohring and Session acknowledge, in response to the court's questions, that "[t]here are certain factual differences in these cases, but none that should render the results different." Defendant Viar states that although "there are small factual distinctions among [the cases], these distinctions do not mandate different results in the cases."

We agree with the parties: There are no legally significant differences between these cases and *State v. Ainsworth, supra.* Further, as in *Ainsworth,* no party argues to this court that the police officers' conduct was a search under the Fourth Amendment, and we do not address that issue. Therefore, the holding in *Ainsworth* is dispositive of these cases: "We hold that a police officer's unaided observation, purposive or not, from a lawful vantage point is not a search under Article I, section 9, of the Oregon Constitution." *State v. Ainsworth, supra,* 310 Or at 622.

In none of the three cases did the trial court find that the police officers were violating any law when they observed the growing marijuana. Defendants failed to meet their burden of proving that the police officers were not where they had a right to be at the time of the observation. *See State v. Ainsworth, supra,* 310 Or at 622. Accordingly, the trial courts did not err when they denied defendants' respective motions to suppress.

In *State v. Gohring,* the decision of the Court of Appeals is reversed, and the judgment of the circuit court is affirmed. In *State v. Session,* the decision of the Court of Appeals is reversed, and the judgment of the circuit court is affirmed. In *State v. Viar,* the decision of the Court of Appeals is reversed, and the judgment of the circuit court is affirmed.